**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MIA TRIPPLET,

           Plaintiff,

v.                                                               No. CIV 03-503 BB/RLP

ANGELA MARTINEZ, in her individual and
official capacity as an employee of the CITY OF
HOBBS; JOAN McMAHON, in her individual
capacity and official capacity as an employee of
the CITY OF HOBBS; and CITY OF HOBBS,

           Defendants.

**MEMORANDUM OPINION**

      THIS MATTER comes before the Court for consideration of Defendants' motion for summary judgment (Doc.52); Plaintiff's cross-motion for partial summary judgment on three of her claims (Doc. 56); and Defendants' motion to strike Plaintiff's cross-motion (Doc. 60). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court finds that Defendants' motion will be granted in part; that Plaintiff's cross-motion will be denied as a result of the partial grant of Defendants' motion; that the motion to strike becomes moot and will be denied on that basis; and that the Court will decline to retain jurisdiction over Plaintiff's state-law claim, which will be dismissed without prejudice.

      This case arises out of a personal dispute between two of the parties, Plaintiff and Defendant Martinez. Plaintiff and Martinez were involved in a number of encounters over a period of several months. After two of these encounters, Martinez, who is employed by the City of Hobbs police department, contacted that department, and two separate police reports were generated as a result.

At some undetermined time, Plaintiff in turn contacted the police department to complain about Martinez' conduct toward her.

On December 13, 2002, Plaintiff filed a civil lawsuit against Martinez in magistrate court; this lawsuit was dismissed, apparently for lack of jurisdiction. Subsequently, on January 2, 2003, a criminal complaint was filed against Plaintiff in municipal court. This complaint was signed by Martinez and "approved" on the face of the complaint by Defendant McMahon. The allegations in the complaint were based on the two encounters between Martinez and Plaintiff following which police reports had been generated. After a trial on the merits, a municipal judge dismissed the criminal charges and the complaint. Plaintiff then filed this lawsuit, alleging the following claims, all of which are generally based on Plaintiff's contention that the criminal complaint against her was wrongful and was filed for impermissible motives: (1) First Amendment retaliation for the filing of internal affairs complaints with the police department; (2) First Amendment retaliation for exercising the right of access to the courts by filing the magistrate-court lawsuit; (3) selective or vindictive prosecution; (4) malicious prosecution as a violation of the Fourth Amendment; and (5) a state-law claim of malicious abuse of process. Defendants have moved for summary judgment on all claims, and Plaintiff has cross-moved for summary judgment on claims 2, 4, and 5.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir.

1999). Instead, the nonmoving party must present facts such that under the applicable law, a reasonable jury could find in its favor. *Id.* The Court will analyze the motions for summary judgment under this standard.

**Defendant McMahon's Immunity:** Defendants argue that as a prosecutor, McMahon is entitled to absolute immunity on all claims. Plaintiff concedes that McMahon is entitled to prosecutorial immunity. Therefore, summary judgment will be granted in McMahon's favor on all counts of the amended complaint. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (discussing absolute immunity afforded prosecutors).[1]

**Counts I and II:** Defendants request summary judgment on these claims on the basis of their argument that no state action occurred when Martinez, acting not as a city employee but as a private individual, asked McMahon to file criminal charges against Plaintiff. Absent state action, no constitutional violation can occur. *See Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1446-47 (10th Cir. 1995). In response, Plaintiff does not argue that Martinez was acting in her capacity as a city employee in this matter. Instead, Plaintiff contends Martinez and McMahon conspired together to retaliate against her for two things: first, Plaintiff's filing of an internal affairs complaint against Martinez in April 2002; and second, Plaintiff's December 2002 civil lawsuit against Martinez. [Doc. 73, Pretrial Order, pp. 6-7] Plaintiff argues that by conspiring with McMahon, who was clearly acting within the scope of her employment as an assistant city attorney, Martinez engaged in state action.

As Plaintiff argues, if a private individual conspires with a public official to violate a constitutional right, state action is present. *Id.*, 49 F.3d at 1454. Also, if a government official files criminal charges against an individual, at least in part to retaliate against that individual for engaging

---

[1] Plaintiff did not attempt to argue that McMahon's actions were investigatory rather than prosecutorial. If she had been acting as an investigator, she would be entitled to at most qualified immunity rather than absolute immunity.

in conduct protected by the First Amendment, a constitutional violation has occurred even if the charges could properly have been brought in the absence of the retaliatory motive. *See, e.g., Smith v. Maschner*, 899 F.2d 940, 947-48 (10th Cir. 1990) (government may not retaliate against inmate for the inmate's exercise of right of access to the courts, even where the action taken in retaliation would have been otherwise permissible). On the other hand, if a private individual acts alone and causes the prosecution of another person, even with bad motives, the protections of the constitution do not apply and the only remedy is by way of state law. *Davis v. Union Nat'l Bank*, 46 F.3d 24, 26 (7th Cir. 1994) (unless private actor wrongfully influences the state's decision to prosecute through a conspiracy, the plaintiff's remedy for malicious prosecution is in a state tort claim, not a federal § 1983 lawsuit; a prosecution invariably involves the state, but not every tort action for malicious prosecution states a claim under § 1983); *cf. Tahfs v. Proctor*, 316 F.3d 584, 592-93 (6th Cir. 2003) (more than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives, even where private initiative results in court order against the plaintiff). In this case, therefore, it was incumbent on Plaintiff to produce some evidence indicating that Martinez and McMahon conspired together to retaliate against Plaintiff for her protected conduct. At a minimum, Plaintiff had to produce some evidence that McMahon knew about the civil lawsuit when she approved the filing and subsequent litigation of the criminal complaint. *Cf. Petersen v. Utah Dep't of Corrs.*, 301 F.3d 1182, 1188 (10th Cir.2002) (an employer cannot engage in unlawful retaliation if it does not know that the employee has engaged in conduct protected by Title VII).

     Plaintiff points to the following evidence in support of her assertion that she has adduced sufficient evidence to raise a question of fact as to whether Martinez conspired with McMahon to retaliate against Plaintiff for the filing of the civil lawsuit: (1) at her deposition, Martinez stated she did not recall telling McMahon about the civil lawsuit, during any conversation they had prior to or

after the filing of the criminal complaint [X-MSJ, Exh. 2, Martinez depo. pp. 83, 88], ; (2) similarly, McMahon testified she did not recall the specifics of the conversation she had with Martinez before the criminal complaint was filed, and could not recall whether she ever discussed the civil lawsuit with Martinez [*Id.,* Exh. 3, McMahon depo. p. 9; MSJ Exh. D, McMahon depo. pp. 20, 23] (3) the criminal complaint was filed only three weeks after the civil lawsuit had been filed; (4) at the criminal trial, McMahon "confronted" Plaintiff about the civil lawsuit by asking her questions about that lawsuit [X-MSJ, Exh. 4, Martinez depo. p. 96]; and (5) Martinez admitted that Plaintiff's civil lawsuit was one of the reasons she wanted to press charges against Plaintiff [*Id.*, Exh. 2, p. 88]. According to Plaintiff, this evidence establishes that Martinez and McMahon brought criminal charges against her to punish her for filing the civil lawsuit against Martinez. The Court disagrees.

The evidence set out above certainly may be sufficient to raise an issue of fact as to whether Martinez, as a private individual, pursued the criminal complaint against Plaintiff in retaliation for the civil lawsuit. However, the fact that neither Martinez nor McMahon remembers discussing the civil lawsuit at all, and particularly before the criminal complaint was filed, does not raise an issue as to whether they did talk about the lawsuit, or whether McMahon had any knowledge that the civil lawsuit had been filed at the time she approved the filing of the criminal complaint against Plaintiff. *See, e.g., Yellow Horse v. Pennington County*, 225 F.3d 923, 927 (8th Cir. 2000) (witness' failure to remember taking inmate off suicide watch did not raise an issue of fact as to whether she had done so or not); *Dickey v. Baptist Memorial Hosp.-North MS*, 146 F.3d 262, 266, fn. 1 (5th Cir. 1998) (witness' failure to remember receiving a telephone call did not raise a genuine issue of fact as to whether the telephone call was made or not). Also, the proximity in time between the filing of the civil lawsuit and the filing of the criminal complaint does not raise an issue of fact as to whether McMahon, in addition to Martinez, knew about the civil lawsuit when the criminal complaint was filed. Martinez did know about the civil lawsuit when she solicited assistance from McMahon in

pressing criminal charges against Plaintiff, and admits part of her motivation for doing so was the civil lawsuit. The key question for state-action purposes, however, is whether the government actor, McMahon, knew about the civil lawsuit at the time the criminal complaint was filed. If she did not, or if there is no evidence she did, it does not matter how close in time the criminal complaint was to the filing of the civil lawsuit.[2] *Cf. Thaddeus-X v. Blatter*, 175 F.3d 378, 387 n. 3 (6th Cir.1997) (a defendant cannot terminate employees due to the exercise of their First Amendment rights in the absence of knowledge that they were doing any such thing).

Plaintiff's final piece of evidence is the fact that McMahon asked Plaintiff questions about the civil lawsuit during Plaintiff's criminal trial. However, McMahon testified in her deposition that she did so only after Plaintiff's defense counsel raised the issue first, and could not recall if she was aware of the civil lawsuit before that happened. [Resp. to X-MSJ, Exh. A, McMahon depo. p. 31] Therefore, McMahon's mere questioning of Plaintiff at the criminal trial, without any explanation of what questions she asked, does not raise an issue of fact as to whether McMahon knew about the civil lawsuit at any time prior to the trial or pursued the criminal charges in retaliation for the civil lawsuit.

Based on the foregoing, the Court finds Plaintiff has failed to raise a genuine issue of fact as to whether Defendant McMahon approved or litigated the criminal complaint in retaliation for Plaintiff's civil lawsuit against Martinez. Furthermore, the fact that Martinez, as a private individual, was motivated to pursue the criminal complaint in retaliation for the civil lawsuit, does not create

---

[2]This case is therefore different from the employment cases in which a prima facie showing of retaliation can be made by establishing protected conduct followed closely by an adverse employment action. In those cases, there is no issue as to whether the person taking the adverse action knew about the protected conduct. Here, the protected conduct was directed at Martinez, a private individual, not McMahon, the government actor. There is thus no reason why McMahon should have known about the protected conduct. If she did not, she could not have been retaliating against Plaintiff for that protected conduct when she approved the criminal complaint. *See Jones v. Barnhart*, 349 F.3d 1260, 1269 (10th Cir. 2003) (plaintiff failed to establish prima facie case of retaliation where there was no evidence decisionmaker knew of plaintiff's protected conduct).

state action and is relevant only to a state-law claim for malicious abuse of process. Summary judgment will therefore be granted to Defendants on Counts I and II.[3]

**Count III:** This cause of action in the complaint alleges selective and/or vindictive prosecution, in violation of the constitution. Plaintiff claims she was criminally prosecuted by the City of Hobbs, even though she complained to the police department about exactly the same harassing conduct by Martinez, as was the basis for the criminal complaint against Plaintiff. In other words, Plaintiff claims she was singled out for prosecution when in reality Martinez was the person engaging in harassing behavior. Unfortunately, Defendants did not address Count III at all in the memorandum in support of the motion for summary judgment.[4] The Court's review of the pretrial report indicates Plaintiff has not abandoned this claim; Plaintiff contends the criminal prosecution, "based on the same allegation she raised against Angela Martinez, was selective, vindictive" and retaliatory.

Ordinarily, where a defendant has failed to address one of the plaintiff's claims and the plaintiff has therefore not had an opportunity to discuss that claim, summary judgment in the defendant's favor would not be appropriate as to that claim. *See, e.g., Hand v. Matchett*, 957 F.2d 791, 794 n. 2 (10th Cir.1992) (district court's *sua sponte* ruling on summary judgment motion was proper where parties had adequate opportunity to address all pertinent issues). In this case, however, the Court's review of all the pleadings and evidence submitted to date indicates Plaintiff has failed

---

[3]Plaintiff did not attempt to show that McMahon was aware of Plaintiff's internal affairs complaints about Martinez. Plaintiff has therefore failed to raise a factual issue as to whether McMahon's actions regarding the criminal complaint were taken in retaliation for those internal affairs complaints. Summary judgment on Count I is appropriate for the same reason as it is for Count II: lack of state action.

[4]Defendants addressed only the First Amendment claims, and only on the ground that no state action was present. A selective prosecution claim is a Fourteenth Amendment equal-protection claim, *see Poole v. County of Otero*, 271 F.3d 955, 959 n. 3 (10th Cir. 2001), and McMahon's actions, approving the criminal complaint and prosecuting it as assistant city attorney, are clearly state action. Defendants' arguments concerning the First Amendment claims can therefore not be considered as briefing the selective-prosecution claim.

to establish a triable case of selective prosecution in violation of the Constitution. Furthermore, Plaintiff has had an opportunity to address one of the crucial elements of such a claim and has failed to raise an issue of fact as to that element. The Court will therefore grant summary judgment to Defendants on Count III for the reasons discussed below. Should Plaintiff be able to point to evidence in the record supporting Count III, Plaintiff may file a motion to reconsider within the time allowed by the federal rules of civil procedure.

In order to state a constitutional claim for selective prosecution, a plaintiff must present evidence satisfying two main elements: first, that she was singled out for prosecution while others who are similarly situated, having committed the same type of conduct, are not prosecuted; second, that the government's selection of her for prosecution was invidious, in bad faith, and based on impermissible considerations such as the desire to prevent the exercise of constitutional rights. *See Poole, supra n. 4*, 271 F.3d at 958-59; *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994). Plaintiff has failed to satisfy both elements in this case. She was not similarly situated as Martinez, because she did not complain to the same prosecuting individual, McMahon, as did Martinez. In other words, McMahon never had an opportunity to single out Plaintiff, as opposed to Martinez, for prosecution, because McMahon was never made aware of Plaintiff's complaints to the police department about Martinez.

In addition, the only possible argument raised so far, as to why the selection of Plaintiff for prosecution was invidious or based on impermissible considerations, is that Plaintiff was prosecuted to retaliate against her for filing the internal affairs complaints or the civil lawsuit against Martinez. As discussed above, however, Plaintiff has presented no evidence that McMahon knew about either the complaints to the police department or the civil lawsuit, when she approved the criminal complaint filed by Martinez against Plaintiff. Therefore, Plaintiff has failed to raise a genuine issue of material

fact as to the second major element of a selective-prosecution claim. The Court will therefore grant summary judgment to Defendants on this claim.

**Count IV:**  This cause of action is a Fourth Amendment claim for malicious prosecution. Again, Defendants did not address this claim in their brief in support of the motion for summary judgment. However, Plaintiff briefed the merits of the claim in connection with her cross-motion for summary judgment, and Defendants addressed her arguments in their response brief. Therefore, the claim has been fully briefed by both parties and is properly before the Court for summary-judgment purposes.

Plaintiff argues that the Fourth Amendment malicious-prosecution claim is similar to a state-law claim for malicious prosecution, and therefore addresses the two claims jointly. However, as Defendants contend, the Fourth Amendment claim takes state law concerning malicious prosecution as a starting point only, and requires a significant additional element--that the malicious prosecution caused a violation of Plaintiff's Fourth Amendment right not to be seized unreasonably. In other words, if Plaintiff was not seized (for example, through arrest or detention) as a result of the alleged malicious prosecution, she cannot bring a claim under the Fourth Amendment. *See Taylor v. Meacham,* 82 F.3d 1556, 1561 (10th Cir. 1996); *Lewis v. Rock*, 2002 WL 31194994 (10th Cir. unpublished). In this case, there is no evidence that Plaintiff was ever arrested or detained in any way pursuant to the criminal complaint that was filed against her. The only deprivation of liberty she suffered was the necessity of attending her trial and defending against the charges. The Tenth Circuit has held, however, that having to attend a trial is not a seizure under the Fourth Amendment, for purposes of a malicious-prosecution claim. *See Lewis, supra*. Therefore, Plaintiff's Fourth Amendment claim fails, and summary judgment will be granted on Count IV as well.

**Count V:**  This claim is a state-law claim for malicious prosecution, against Defendant Martinez individually and in her official capacity; Defendant McMahon in both capacities; and the

City of Hobbs. As the Court discusses briefly below, this claim raises a complex issue of state law that is more properly resolved in the state court arena rather than in federal court. Since the Court is dismissing all of Plaintiff's federal claims, the Court will decline to retain jurisdiction over Plaintiff's state-law claims and instead will dismiss them without prejudice. *See Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir.1998) (district courts are statutorily authorized to decline supplemental jurisdiction over a state law claim if the claim raises a novel or complex issue of State law, or the district court has dismissed all claims over which it has original jurisdiction), *overruled on other grounds by Styskal v. Weld County Comm'rs.*, 365 F.3d 855 (10th Cir.2004).

Defendants have raised the procedural requirements of the New Mexico Tort Claims Act, NMSA 1978 § § 41-4-1 *et seq.* ("TCA"), as a defense to this claim.[5] Defendants maintain that Plaintiff did not provide timely notice of her tort claim, as required by § 41-4-16. This is not an easy contention to resolve. Defendants argue that the ninety-day notice period provided by § 41-4-16 began to run on the day the criminal complaint was filed against Plaintiff, claiming in essence that the malicious prosecution began on that date. Plaintiff, on the other hand, contends the ninety-day period did not begin to run until the criminal charges contained in the complaint were dismissed. She points out that this federal-court lawsuit was filed within ninety days of the acquittal, and claims the lawsuit itself constitutes adequate and timely notice under the TCA.

Neither party cites any authority on point, discussing either the time at which the TCA's notice requirement is triggered for a claim of malicious prosecution, or whether a lawsuit may be considered adequate notice under the TCA. The TCA itself is ambiguous; § 41-4-16 states that

---

[5]These requirements apply only to the claim against the City of Hobbs and the official-capacity claim against Martinez. To the extent Martinez was acting as an individual rather than a city employee, and was not acting in the scope of her duties as a city employee, the TCA does not apply. § 41-4-4(A).

10

written notice must be given within ninety days of "an occurrence giving rise to a claim..." This language is somewhat similar to § 41-4-15, the statute of limitations for TCA claims, which states such claims must be brought within two years of the "occurrence resulting in loss..."  The black-letter rule appears to be that the statute of limitations on a malicious prosecution claim begins to run upon the termination of the underlying criminal case. *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001); *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996).  This black-letter rule, therefore, supports Plaintiff's argument. *See Emery v. University of New Mexico Med. Center*, 628 P.2d 1140 (N.M. App. 1981) (notice provision of TCA should be construed similarly to limitations provision). However, the New Mexico Supreme Court has significantly altered the law in New Mexico, by combining the torts of malicious prosecution and abuse of process into a new tort, called malicious abuse of process, which eliminates a requirement formerly applicable to malicious prosecution cases--that the underlying proceeding be resolved in favor of the malicious-prosecution plaintiff. *DeVaney v. Thriftway Marketing Corp.*, 953 P.2d 277, 283-87 (N.M. 1997).  It is possible that elimination of the successful-resolution element of the tort will mean that a cause of action for malicious abuse of process would accrue at an earlier date than did a cause of action for malicious prosecution. It is also possible that this would mean the statute of limitations for a malicious-abuse-of-process claim will begin to run prior to the resolution of the underlying criminal or civil proceedings.  However, this is a significant and complex issue of state law that, as the Court has noted above, is more properly resolved in state court.[6]

---

[6]Because the Court has an obligation to raise issues of sovereign immunity *sua sponte*, the Court has considered a question not briefed by any party--whether either Martinez or McMahon should be considered a law enforcement officer for purposes of the TCA. *Nelson v. Geringer*, 295 F.3d 1082, 1098 (10th Cir. 2002) (considering Eleventh Amendment issue *sua sponte*).  Under the TCA, immunity for malicious abuse of process is waived only for law enforcement officers acting within the scope of their duties.  § 41-4-12.  It is clear under New Mexico case law that McMahon is not a law enforcement officer. *Coyazo v. State*, 897 P.2d 234, 236-37 (N.M. App. 1995) (district attorneys and staff are not law enforcement officers for TCA purposes).  To the Court's knowledge,

**Motion to Strike Cross-Motion for Summary Judgment:** Defendants have submitted case law indicating that Plaintiff's cross-motion for summary judgment was untimely and should be stricken on that basis. By granting summary judgment to Defendants, the Court has implicitly addressed the merits of the cross-motion and denied it. Therefore, the motion to strike the cross-motion is moot and will be denied on that basis.

**Conclusion:** Based on the foregoing, the Court will grant summary judgment to Defendants on all federal claims raised in this case. Plaintiff's state-law claim will be dismissed without prejudice, so she can pursue it in state court should she wish to do so.

Dated this 23rd day of June, 2004.

                                                                                            _____
                                                                                            BRUCE D. BLACK
                                                                                            United States District Judge

**ATTORNEYS**:
**For Plaintiff**:
Richard Sandoval
Kenneth C. Downes

**For Defendants**:
Zachary S. Rigdon
Gregory L. Biehler

---

however, no New Mexico case has addressed the issue of whether a police dispatcher such as Martinez might be considered a law enforcement officer. Resolution of this issue will depend on facts not presented to the Court, concerning the duties of a dispatcher in the Hobbs police department. *See Weinstein v. City of Santa Fe*, 916 P.2d 1313, 1316 (N.M. 1996) (principal duties of employee must be examined to determine whether they are law enforcement officers). Furthermore, it is not clear whether Plaintiff has conceded for all purposes that Martinez was not acting within the scope of her duties when she pursued criminal charges against Plaintiff. The Court cannot, therefore, decide whether the waiver of immunity contained in § 41-4-12 does, or does not, apply to this case. The issue concerning accrual of the TCA notice period thus cannot be sidestepped on that basis.